320-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TIANJIN GENERAL SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------------

TIANJIN GENERAL SHIPPING CO. LTD.,

               Plaintiff,

-against-

HISEA SHIPPING (HK) CO. LTD. and TIANJIN
TEDA HAI YUE MODERN PORTS LOGISTICS
CO. LTD. a/k/a TIANJIN TEDA HAIYUE
MODERN PORTS LOGISTICS CO. LTD.,

               Defendant.

---------------------------------------------------------------

08 Civ _____ (___)

**VERIFIED COMPLAINT**

Plaintiff TIANJIN GENERAL SHIPPING CO. LTD. (hereinafter "TIANJIN"), for its Verified Complaint against Defendants HISEA SHIPPING (HK) CO. LTD. (hereinafter "HISEA") and TIANJIN TEDA HAI YUE MODERN PORTS LOGISTICS CO. LTD. a/k/a TIANJIN TEDA HAIYUE MODERN PORTS LOGISTICS CO. LTD. (hereinafter "TEDA"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2.　　At all times material hereto, Plaintiff TIANJIN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Room B-1302, Bailoumingdi, Nanjing Road, Tianjin, China.

3.　　At all times relevant hereto, Defendant HISEA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Unit D, 16th Floor, Cheuk Nang 21st Century Plaza 250 Hennessy Road, Wanchai, Hong Kong.

4.　　At all times relevant hereto, Defendant TEDA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at A1-301, Teda New Skyline Stardard Business Center No.2 Street, Tianjin Teda, China.

5.　　On or about February 22, 2008, Defendant HISEA, as charterer, entered into a maritime contract of charter party with Plaintiff TIANJIN, as owner, for the use of the M/V JON JIN 2 to carry a cargo of 2,000 tons of soda ash from Xingang to Surabaya (hereinafter "the first charter").

6.　　The cargo was loaded on March 5, 2008 and TIANJIN issued its invoice for freight owing in the amount of USD $64,543.05 on March 6, 2008 to TEDA as had been requested by HISEA.

7.　　TEDA received the freight invoice without objection.

8.　　Notwithstanding due demand, in breach of the charter, neither Defendant HISEA nor Defendant TEDA has paid the outstanding freight charges.

9.　　Defendants have not disputed the amounts due nor have Defendants provided any reason for failure to make payment of the outstanding freight.

10. Plaintiff TIANJIN has duly performed all services required of it under the first charter.

11. On March 17, 2008 and April 7, 2008 TIANJIN and HISEA entered into two subsequent charterparties (hereinafter called "the second charter" and "the third charter", respectively).

12. Under both the second and third charters freight invoices were issued by TIANJIN to TEDA as per HISEA's request.

13. A substantial portion of the freight invoice issued in respect to the second charter was paid by TEDA.

14. The full amount of the freight invoice issued in respect to the third charter was paid by TED which had provided a letter of guarantee in respect to the payment of the freight.

15. The individuals who negotiated the charter on behalf of HISEA and who acted in respect to the performance under all three charters on behalf of HISEA were at all material times employees of TEDA.

16. At all materials times hereto, there existed such unity of ownership and interest between HISEA and TEDA such that no separation exists between them and they are alter egos.

17. HISEA and TEDA were alter egos of one another, because (at least in the context of the first charter) the Defendants disregarded corporate formalities such that they have no separate independent identity from one another with respect to the subject charter.

18. Alternatively, Defendant TEDA is a paying agent for Defendant HISEA such that TEDA regularly receives and makes payments for the benefit and on behalf of Defendant HISEA in respect of income earned and debts incurred by HISEA. Any such funds being received or sent by TEDA for the benefit of HISEA is property in which HISEA has an attachable interest.

19.  Pursuant to Article 15 of the first charter, any dispute arising out of or in connection with the charter is subject to arbitration in Bejing.

20.  This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff TIANJIN's claim made or to be made in the Beijing arbitral proceedings and under Chinese law, as agreed by the parties. Arbitration has or will soon be commenced.

21.  As a regular feature of Chinese law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the litigation, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

22.  Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in Beijing will be $28,600. Interest anticipated to be awarded is estimated to be $35,670.75 (calculated at the rate of 12% per annum for a period of two years on the principal claim of $64,543.05, the estimated time for completion of the proceedings in Beijing).

23.  In all, the claim for which Plaintiff TIANJIN sues in this action, as near as presently may be estimated, totals $109,562.80, no part of which has been paid by Defendants despite due demand. Plaintiff TIANJIN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure TIANJIN.

### Request for Rule B Relief

24.  Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire

transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants HISEA SHIPPING (HK) CO. LTD. and TIANJIN TEDA HAI YUE MODERN PORTS LOGISTICS CO. LTD. a/k/a TIANJIN TEDA HAIYUE MODERN PORTS LOGISTICS CO. LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

25.   The total amount sought to be attached pursuant to the above is **$109,562.80**.

WHEREFORE, Plaintiff TIANJIN GENERAL SHIPPING CO. LTD. prays:

a.   That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

b.   That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$109,562.80** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants HISEA SHIPPING (HK) CO. LTD. and TIANJIN TEDA HAI YUE MODERN PORTS LOGISTICS CO. LTD. a/k/a TIANJIN TEDA HAIYUE MODERN PORTS LOGISTICS CO. LTD., including but not limited to ASSETS in their names and/or being transferred for their benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other

garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the Beijing proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 13, 2008

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiff
> TIANJIN GENERAL SHIPPING CO. LTD.
>
> By: _____
>     Michael E. Unger (MU 0045)
>     80 Pine Street
>     New York, NY 10005
>     (212) 425-1900
>     (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
13th day of June, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 10

NYDOCS1/306546.1                      7